UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA MCCOURT,

    Plaintiff,

CASE NO.:

vs.

LIBERTY MUTUAL INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, Liberty Mutual Insurance Company, pursuant to 28 U.S.C. §1441 *et seq.*, removes this action from the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, styled *Cynthia McCourt v. Liberty Mutual Insurance Company*, wherein Plaintiff demands judgment against Liberty Mutual Insurance Company.

**I.     The State Court Case**

1.     On September 23, 2014, Plaintiff served Liberty Mutual with the complaint.

2.     The complaint contains two counts. Count one demands damages against Barbara Labar for negligently operating a motor vehicle. Count two demands uninsured motorist benefits from Liberty Mutual.

3.     On October 13, 2014, Plaintiff dismissed the action against Barbara Labar. (Exhibit "A")

4. On October 21, 2014, Plaintiff filed a motion for leave to amend the complaint to assert a count for bad faith against Liberty Mutual. (Exhibit "B")

5. The motion for leave includes a proposed amended complaint. The proposed amended complaint includes two counts. Count one requests uninsured motorist benefits. Count two (incorrectly entitled count five) alleges "bad faith" pursuant to Florida Statute § 624.155.

6. This Notice of Removal is filed within 30 days of receipt of the complaint, pursuant to 28 U.S.C. §1446(b)(1). Also, this Notice of Removal is filed within 30 days after receipt by Liberty Mutual, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, pursuant to 28 U.S.C. §1446(b)(3). Specifically, this Notice of Removal is filed within 30 days of the notice of dismissal of the claim against Barbara Labar and within 30 days of the motion for leave to amend the complaint and the proposed amended complaint. The complaint was not initially removable because of the inclusion of Barbara Labar.

7. 28 U.S.C. § 1446(a) requires Liberty Mutual to file copies of all process, pleadings, and orders served upon it. Local Rule 4.02(b) requires Liberty Mutual to file copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the state court. Those documents are attached hereto as Exhibit "C".

## II.  Venue

8. Venue is proper in United States District Court for the Middle District of Florida because the State Court action originated in Pinellas County, Florida. 28 U.S.C. § 1446(a).

## III.  Jurisdiction

9. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10. There is complete diversity of citizenship.

11. Plaintiff is a citizen of Florida.

12. Pursuant to 28 U.S.C. § 1332(c)(1), Liberty Mutual is a citizen of Massachusetts by virtue of being a corporation organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts.

13. The amount in controversy exceeds $75,000, exclusive of interest and costs.

14. The proposed amended complaint alleges the uninsured motorist coverage policy limits are $300,000. The proposed amended complaint attaches, as Exhibit "A," policy declarations showing stacked uninsured motorist coverage in the amount of $300,000 per person and $900,000 per accident. The proposed amended complaint alleges that the $300,000 policy limits are "inadequate to compensate Plaintiff for the serious and permanent injuries she sustained in the August 21, 2013 collision." ¶13. The proposed amended complaint alleges Liberty

Mutual acted in "bad faith" by "[f]ailing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which were clearly in excess of the policy limits..." ¶14c.

15. Also, a Civil Remedy Notice of Insurer Violation is attached as Exhibit "B" to the proposed amended complaint. It demands that Liberty Mutual tender $300,000 to "cure" the Notice.

16. In addition, the proposed amended complaint demands attorney fees. A reasonable amount of attorney fees must be included in determining the amount in controversy.

17. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

### IV. Conclusion

18. Liberty Mutual removes this case to the United States District Court for the Middle District of Florida.

19. Liberty Mutual demands trial by jury on all issues so triable.

20. Promptly after filing this notice of removal, Liberty Mutual will give written notice to all adverse parties and will file a copy of this notice with the clerk of the State court, pursuant to 28 U.S.C. §1446(d).

BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP

_____
DAVID B. KROUK, ESQ.
Florida Bar No.: 0949840
Email: dkrouk@butlerpappas.com
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 0048109
Email: mlavisky@butlerpappas.com
777 S. Harbour Island Boulevard, Suite 500
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900

-and-

ROBERT E. VAUGHN, JR., ESQ.
Florida Bar No.: 494437
Law Office of Glenn G. Gomer
600 North Westshore Boulevard, Suite 1001
Tampa, FL 33609
Tel.: (813) 286-0068
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

Joel P. Yanchuck, Esquire,
Yanchuck, Berman, Wadley & Zervos, P.A.,
P.O. Box 4192
Saint Petersburg, FL 33731

by U.S. Mail on the 23rd day of October, 2014.

_____
MATTHEW J. LAVISKY, ESQ.

5