UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA MCCOURT,

      Plaintiff,

v.                                  CASE NO. 8:14-cv-2675-JSM-AEP

LIBERTY MUTUAL INSURANCE
COMPANY, a foreign for profit
corporation,

      Defendant.

_____/

PLAINTIFF'S FIRST AMENDED COMPLAINT

The Plaintiff, CYNTHIA MCCOURT, by and through the undersigned attorney, hereby sues the Defendant, LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, (hereinafter referred to as LIBERTY MUTUAL) and alleges:

COUNT I

1. This is an action for damages in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

2. At all times material hereto, the Defendant, LIBERTY MUTUAL, was a foreign corporation duly authorized and licensed to conduct business in the State of Florida as an insurance company.

3. At all times material hereto, the Defendant, LIBERTY MUTUAL, insured the Plaintiff pursuant a policy of automobile insurance bearing policy number A01-251-688254-75 3 5. A

copy of the declarations page for said policy is attached hereto as Plaintiff's Exhibit A.

    4. On or about August 21, 2013, the Plaintiff, CYNTHIA MCCOURT, sustained serious bodily injuries as a result of an automobile accident which was caused by the negligent acts of Barbara LaBar.  That accident occurred in Pinellas County, Florida, at or near the intersection of 70th Avenue and 48th Street, in the city of Pinellas Park.

    5. At that time and place, Barbara LaBar, did not maintain an insurance policy on her motor vehicle which provided bodily injury liability coverage to persons injured by her negligent acts.  Accordingly, Barbara LaBar was an uninsured motorist at the time of the aforementioned accident.

    6. The Plaintiff's insurance policy with the Defendant, LIBERTY MUTUAL, provided uninsured motorists coverage to the Plaintiff and other persons insured by her policy.  Said coverage is designed and intended to compensate the Plaintiff and other insureds for injuries and losses resulting from the negligent acts of uninsured motorists.

    7. The provisions of the Plaintiff's insurance policy with the Defendant, LIBERTY MUTUAL, authorized the Plaintiff to select litigation in the event there is a dispute between the insured and insurer.  Pursuant to that policy language, the Plaintiff hereby elects to institute litigation against all parties responsible for the aforementioned accident.

    8. As a result of the negligent acts of Barbara LaBar, the Plaintiff, CYNTHIA MCCOURT, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing, asymptomatic condition.  Said losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, CYNTHIA MCCOURT, demands judgment for damages against the Defendant, LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, and further demands trial by jury on all issues.

## COUNT II – INSURANCE BAD FAITH

9.  Plaintiff, CYNTHIA MCCOURT, adopts and realleges all prior material paragraphs as if fully set forth herein.

10.  Upon issuance or renewal of said insurance policy to the Plaintiff, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

11.  Plaintiff has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation, both electronically filed with the State of Florida, Department of Financial Services and to the Defendant. A copy of said Notice is attached hereto as Exhibit "B".  Additionally, Defendant, LIBERTY MUTUAL's, response to Plaintiff's Civil Remedy Notice is attached hereto as Exhibit "C".

12. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, CYNTHIA MCCOURT, and to attempt to settle the claims of Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

13. At all material times, Defendant knew that its $300,000.00 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries she sustained in the August 21, 2013 collision.

14. Defendant breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and/or omissions:

    a. Improper handling of the claim;

    b. Refusing to settle the claim in a timely manner;

    c. Falling to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which were clearly in excess of the policy limits; and

    d. Failing to promptly settle Plaintiff's claim when the obligations to settle the claims had become reasonably clear.

15. Defendant also failed to cure the violations under Section 624.155, by falling to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

16. All of the continuing acts of bad faith by the Defendant caused the Plaintiff's damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorneys' fees for the underlying action and for this action.

17. Pursuant to sections 627.727(10) and 624.155, Florida statutes, in this action, Plaintiff, CYNTHIA MCCOURT, is entitled to recover the full amount of damages caused by the negligence of the uninsured tortfeasor, including the amount of damages in excess of the $300,000.00 uninsured policy limits.

18. The above-mentioned acts of Defendant required the Plaintiff to retain the Law Offices of Yanchuck, Berman, Wadley, Zervos, & Thomas, P.A. to represent her in this action, and Plaintiff has agreed to pay them attorneys' fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

19. The above-mentioned acts of Defendant has required the Plaintiff to retain outside counsel, to represent her in this action, and Plaintiff will have to pay them attorneys' fees for their services in this action and will also be required to reimburse them for costs advanced in the prosecution of this action.

20. Plaintiff seeks to recover its attorneys' fees against Defendant pursuant to the provisions of sections 624.155 and 627.428, Florida Statutes.

**WHEREFORE,** Plaintiff, CYNTHIA MCCOURT, demands judgment, damages, and costs against the Defendant, LIBERTY MUTUAL INSURANCE COMPANY, and for the total amount of her compensatory damages, consequential damages, attorneys' fees and costs of this action, and interest on the unpaid benefits and on any judgment in this action, and further demands a trial by jury is hereby demanded on all issues so triable.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY, that a copy of the foregoing has been furnished this 31st day of October, 2014, via regular mail and electronically filed with the Clerk of Court by using the CM/ECF systems which will send a notice of ECF to all counsel of record listed below.

    /s/ W. Thomas Wadley
    W. Thomas Wadley. Esquire
    Yanchuck, Berman, Wadley,
        Zervos & Thomas P.A.
    5453 Central Avenue
    St. Petersburg, Florida 33710
    (727) 822-6313
    (727) 895-5332 facsimile
    Florida Bar No. 340170
    Attorney for Plaintiff
    twadley@yanchuckberman.com
    cchoquette@yanchuckberman.com

Matthew J. Lavisky, Esquire
Butler, Pappas, Weihmuller, Katz, Craig, LLP
777 S. Harbour Island Blvd, Suite 500
Tampa,Fl 33602
(813) 281-1900
mlavisky@butlerpappas.com
Attorney for Defendant

David B. Krouk, Esquire
Butler, Pappas, Weihmuller, Katz, Craig, LLP
777 S. Harbour Island Blvd, Suite 500
Tampa,Fl 33602
(813) 281-1900
dkrouk@butlerpappas.com
Attorney for Defendant

Robert Vaughn, Esquire
Law Offices of Glenn Gomer
600 N. Westshore Blvd., Suite 1001
Tampa, FL 33609
Attorney for Defendant
813/286-0068
Robert.Vaughn@libertymutual.com
tampalegalMail@libertymutual.com