UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA MCCOURT,

    Plaintiff,

v.                                                 Case No: 8:14-cv-2675-T-30AEP

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Remand (Dkt. #9), Defendant's Response in Opposition to the Motion (Dkt. #16), Defendant's Motion to Dismiss First Amended Complaint and Memorandum of Law (Dkt. #11), and Plaintiff's Response in Opposition to the Motion (Dkt. #17).

Plaintiff, Cynthia McCourt, was involved in a car accident on August 21, 2013, with an uninsured motorist, Barabra Labar. Plaintiff filed this action against Ms. Labar and Defendant, Liberty Mutual Insurance Company in state court. Plaintiff then dropped Ms. Labar as a defendant and filed a Motion to Amend the Complaint to allege a bad faith cause of action against Liberty Mutual. Liberty Mutual removed the case to this Court based on complete diversity of the parties and asserted that the amount in controversy exceeds $75,000. This Court granted Plaintiff's Motion to Amend the Complaint, and Plaintiff filed her Amended Complaint on October 31, 2014.

Plaintiff now seeks remand of this case to state court. She asserts that she has already received $47,500 from Liberty Mutual as the value it placed on her insurance claim. Liberty Mutual tendered the payment without prejudice to Plaintiff to pursue an uninsured motorist claim. Plaintiff does not dispute that there is complete diversity between the parties. However, she argues that the Court should not consider the payment already made in the amount of $47,500, personal injury protection coverage in the amount of $10,000, medical payment coverage in the amount of $5,000 and future medical costs in determining the amount in controversy. Since her current medical costs are only $18,721.31, she argues that the case falls far short of the minimum jurisdictional amount.

The Court concludes that Plaintiff's Motion to Remand should be denied.  Plaintiff asserts in the Amended Complaint that her "losses are either permanent or continuing and the [she] will suffer the losses in the future."  These losses may include neck surgery and a total knee replacement as detailed in the Civil Remedy Notice. The policy limits are $300,000 and yet she alleges that the policy limits are "inadequate to compensate Plaintiff for the serious and permanent injuries she sustained in the August 21, 2013 collision." The Amended Complaint also alleges that the Plaintiff is entitled to recover the full amount of damages including the amount in excess of the policy limits. Further, the Civil Remedy Notice included a demand for the full policy limits. Therefore, based on the reasonable deductions, inferences and extrapolations from the pleadings, it is facially apparent that the case is removable.  *See Wilt v. Depositors Ins. Co.*, No. 6:13-CV-1502-ORL-36, 2013 WL 6195768, at *1 (M.D. Fla. Nov. 26, 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010)).

The Court further concludes that the Defendant's Motion to Dismiss should be denied. Defendant seeks to dismiss Count II of the Amended Complaint arguing that the bad faith claim is premature, and therefore the Court should dismiss the claim as opposed to abating it pending the outcome of the underlying uninsured motorist claim. Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad faith claim. *See, e.g., Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) (cautioning "that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action"); *O'Rourke v. Provident Life & Accident Ins. Co.*, 48 F.Supp.2d 1383, 1384-85 (S.D.Fla. 1999) (explaining the trend towards abatement of premature bad faith claims and holding abatement was an appropriate remedy). *See also Gianassi v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-1078-ORL-31, 2014 WL 4999443, at *3 (M.D. Fla. Oct. 7, 2014). The Court agrees with this approach and will therefore abate Count II of the Amended Complaint.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #9) is DENIED.

2. Defendant's Motion to Dismiss First Amended Complaint and Memorandum of Law (Dkt. #11) is DENIED.

3. Count II is hereby ABATED pending the determination of the underlying uninsured motorist claim.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of November, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2675 remand 9 dismiss 11.docx